UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

********************************************************************************************

In re:

STEPHEN JOHN WICZEK and
DONNA LORRAINE WICZEK,

      Debtors.

ORDER GRANTING PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT

*******************************************

TERRI A. RUNNING, TRUSTEE,

      Plaintiff,

v.

NISSWA MARINE, INC.,

      Defendant.

BKY 10-51280

ADV 11-5009

********************************************************************************************

At St. Paul, Minnesota
October 4, 2011.

      This is an adversary proceeding for avoidance of certain pre-petition transfers of property of the Debtors alleged by the plaintiff-trustee to have been preferential or fraudulent. It came before the Court on September 27, 2011 on the Plaintiff's motion for partial summary judgment on that portion of Count II of her complaint in which she sought avoidance as a constructively-fraudulent transfer under 11 U.S.C. § 548(a)(1)(B). The Plaintiff appeared by Matthew R. Burton. The Defendant appeared by Thomas J. Flynn. The Court memorialized a decision on the record pursuant to Fed. R. Civ. P. 52(a)(1), *as incorporated by* Fed. R. Bankr. P. 7052. The Court declined to make a certification under Fed. R. Civ. P. 54(b), *as incorporated by* Fed. R. Bankr. P. 7054.

      IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:

      1.    The Plaintiff's motion for partial summary judgment is granted.

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *10/04/2011*
Lori Vosejpka, Clerk, By JRB, Deputy Clerk

2. The Debtors' transfers of a total of $41,467.69 in funds to the Defendant on September 14, 2010, the date on which they filed for relief under Chapter 7, are avoidable under 11 U.S.C. § 548(a)(1)(B).

3. Accordingly, the transfers are avoided pursuant to that statute and are preserved for the benefit of the estate pursuant to 11 U.S.C. § 551.

4. To effectuate the avoidance pursuant to 11 U.S.C. § 550(a), the Plaintiff shall recover from the Defendant the sum of $41,467.69, plus costs and disbursements.

5. The entry of judgment on Terms 1 - 4 shall be deferred until the final disposition of all other requests for relief in Counts I and III of the Plaintiff's complaint.

BY THE COURT:

*/e/ Gregory F. Kishel*

_____
GREGORY F. KISHEL
CHIEF UNITED STATES BANKRUPTCY JUDGE